O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMADOR DESCARGAR SUNGA, JR., <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. CV 13-5126-OP <br><br> MEMORANDUM OPINION AND ORDER |

The Court[1] now rules as follows with respect to the disputed issue listed in the Joint Stipulation ("JS").[2]

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See ECF Nos. 9, 10.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 7 at 3.)

# I.
# DISPUTED ISSUE

As reflected in the Joint Stipulation, the sole disputed issue raised by Plaintiff as the ground for reversal and/or remand is whether the ALJ failed to provide clear and convincing reasons to reject Plaintiff's subjective complaints. (JS at 3.)

# II.
# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

# III.
# DISCUSSION

**A.    The ALJ's Findings.**

The ALJ found that Plaintiff has the severe impairments of back injury, and prostatic intra epithelial neoplasia, high grade, right prostate. (Administrative Record ("AR") at 26.) The ALJ found that Plaintiff had the residual functional

capacity ("RFC") to perform a full range of medium work.  (Id. at 27.)

Relying on the testimony of a vocational expert ("VE"), the ALJ concluded that Plaintiff was capable of performing his past relevant work as a dialysis technician as customarily performed (classified as light exertional work although Plaintiff had actually performed it at a medium exertional level); a paper cutter as actually performed (classified as medium exertional level although Plaintiff described performing it at a light exertional level); and as a fork lift operator as actually performed by Plaintiff (classified as medium exertional level work although Plaintiff described it as having been performed at a light exertional level. (Id. at 30, 50-51.)

**B.     New Evidence Presented to Appeals Council.**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's final decision to determine if:  (1) the Commissioner's findings are supported by substantial evidence, and (2) the Commissioner used correct legal standards.  See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (citation omitted) (internal quotation marks omitted).  To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."  Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996).

Moreover, when the Appeals Council "considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence."  Brewes v. Comm'r of Soc. Sec. Admin., 659 F.3d 1228, 1232 (9th Cir. 2011).  When the Appeals

1  Council declines review, the ALJ's decision becomes the final decision of the
2  Commissioner, and the district court reviews that decision for substantial evidence
3  based on the record as a whole.  Brewes, 682 F.3d at 1161-62.
4       Here, Plaintiff presented additional medical evidence to the Appeals
5  Council, and to Appeals Council ordered that the new evidence be made part of
6  the record.  (AR at 5.)  Accordingly, the Court must consider this new evidence in
7  determining whether the ALJ's decision was supported by substantial evidence.
8  **C.**     **Plaintiff's Credibility.**
9       Plaintiff contends the ALJ erred in failing to articulate sufficient reasons to
10 find Plaintiff not credible.  (JS at 4.)  The Court agrees.
11      An ALJ's assessment of pain severity and claimant credibility is entitled to
12 "great weight."  Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v.
13 Heckler, 779 F.2d 528, 531 (9th Cir. 1986).  When, as here, an ALJ's disbelief of a
14 claimant's testimony is a critical factor in a decision to deny benefits, the ALJ
15 must make explicit credibility findings.  Rashad v. Sullivan, 903 F.2d 1229, 1231
16 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also
17 Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that
18 claimant was not credible is insufficient.)
19      Once a claimant has presented medical evidence of an underlying
20 impairment which could reasonably be expected to cause the symptoms alleged,
21 the ALJ may only discredit the claimant's testimony regarding subjective pain by
22 providing specific, clear, and convincing reasons for doing so.  Lingenfelter v.
23 Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  An ALJ's credibility finding
24 must be properly supported by the record and sufficiently specific to ensure a
25 reviewing court that the ALJ did not arbitrarily reject a claimant's subjective
26 testimony.  Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991).  An ALJ
27 may properly consider "testimony from physicians . . . concerning the nature,
28 severity, and effect of the symptoms of which [claimant] complains," and may

properly rely on inconsistencies between claimant's testimony and claimant's conduct and daily activities. See, e.g., Thomas, 278 F.3d at 958-59 (citation omitted). An ALJ also may consider "[t]he nature, location, onset, duration, frequency, radiation, and intensity" of any pain or other symptoms; "[p]recipitating and aggravating factors"; "[t]ype, dosage, effectiveness, and adverse side-effects of any medication"; "[t]reatment, other than medication"; "[f]unctional restrictions"; "[t]he claimant's daily activities"; "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment"; and "ordinary techniques of credibility evaluation," in assessing the credibility of the allegedly disabling subjective symptoms. Bunnell, 947 F.2d at 346-47; see also Soc. Sec. Ruling 96-7p; 20 C.F.R. ? 404.1529 (2005); Morgan, 169 F.3d at 600 (ALJ may properly rely on plaintiff's daily activities, and on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had been prescribed); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities and the lack of side effects from prescribed medication).

Here, with respect to Plaintiff's testimony, the ALJ noted the following:

> At the hearing, the claimant testified to an inability to work due to back pain, multiple joint pain, upper and lower extremity pain, neck pain, balance problems, frequent urination, sleep disturbance and fatigue. He testified that he could stand/walk for 20 to 30 minutes; was unable to reach overhead; and the heaviest item he could lift was a gallon of milk. He stated that he required naps and needed to lie down for at least 2 hours per day; wash dishes for only 5 to 10 minutes; drive

   for only 30 minutes when he was drowsy.  In addition, he complained
   of medication side effects, which included drowsiness and stomach
   problems.

(AR at 27.)

  The ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible to the extent they were inconsistent with the RFC. (Id. at 28.)  The ALJ specifically discounted Plaintiff's statements stating:  (1) the medical evidence does not substantiate Plaintiff's allegations of disabling limitations; (2) the state agency consultants suggested Plaintiff could sustain a greater capacity than Plaintiff described at the hearing; and (3) Plaintiff's verbal responses and overall demeanor at the hearing were not suggestive of a person experiencing disabling limitations.  (Id. at 28-30.)

  Plaintiff contends the ALJ should have also discussed Plaintiff's daily activities, and should have taken his good work history into account as a "factor weighing in his favor," because a "good work history is probative of credibility." (JS at 6.)  Plaintiff also notes that the most recent x-rays, submitted to the Appeals Council and not considered by the ALJ, show that he is suffering from a compression fracture at L-1.[3]  (Id. at 7 (citing id. at 363).)

  Here, the ALJ explained that Plaintiff's complaints were not supported by objective medical evidence and that the findings of the state agency consultants also suggested Plaintiff's allegations should be discredited.  An ALJ "may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of [symptoms]." Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991).  Moreover, the most recent x-rays, which were not before the ALJ in rendering his decision, might lend some

---

  [3] Because the case is being remanded, the ALJ will have an opportunity to consider these records in light of the record as a whole.

support to corroborate Plaintiff's statements.[4]

The key issue here is that the only other reason offered by the ALJ for discrediting Plaintiff's testimony was based on Plaintiff's demeanor at the hearing. With respect to Plaintiff's demeanor, the ALJ stated that Plaintiff "was able to enter and exit the hearing room without much difficulty, and to answer questions quite thoroughly and clearly, all despite his alleged disabling limitations." (AR at 30.) This personal observation comes nowhere near to being a legally sufficient reason in itself to reject Plaintiff's pain testimony. The fact that Plaintiff could enter and exit the room "without much difficulty" and could coherently answer the questions put to him does not in any way provide a specific, clear, or convincing basis for discounting Plaintiff's allegations of pain sufficient to assure this Court that the ALJ did not arbitrarily reject Plaintiff's subjective testimony. Because this reason is not legally sufficient, the ALJ's sole reliance on the medical records to discount Plaintiff's credibility also is not legally sufficient. See Orn v. Astrue, 495 F.3d 625, 639-40 (9th Cir. 2007) ("The ALJ's observations of a claimant's functioning may not form the sole basis for discrediting a person's testimony. . . . Because the ALJ's other reasons for rejecting [plaintiff]'s testimony fail, the ALJ's personal observations standing alone cannot support the adverse credibility finding."). To the extent the ALJ's RFC assessment was based, at least in part, on his improper credibility determination with respect to Plaintiff's subjective symptom testimony, it follows that the Court cannot affirm the ALJ's RFC assessment.

**D.   This Case Should Be Remanded for Further Proceedings.**

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at

---

[4] The Court expresses no view on the merits.

603; Lewin, 654 F.2d at 635.  Remand is warranted where additional administrative proceedings could remedy defects in the decision.  Lewin, 654 F.2d at 635.

The Court finds that the ALJ committed legal error by not providing legally sufficient reasons for rejecting Plaintiff's subjective statements.  It appears to the Court that this is an instance where further administrative proceedings would serve a useful purpose and remedy defects.  Accordingly, this action must be remanded to allow the ALJ to properly consider Plaintiff's subjective complaints, especially in light of the x-ray evidence submitted after the previous hearing, and to provide legally sufficient reasons for rejection if the ALJ again determines rejection is warranted.[5]

## IV.

## ORDER

Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security, and remanding this matter for further administrative proceedings consistent with this Memorandum and Opinion.

DATED: June 5, 2014

HONORABLE OSWALD PARADA
United States Magistrate Judge

---

[5] It is not the Court's intent to limit the scope of the remand.